UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CRIMINAL ACTION NO: 4:04-CR-017

UNITED STATES OF AMERICA                                                                           PLAINTIFF

V.

DONALD RAY DANIEL                                                                                   DEFENDANT

MEMORANDUM OPINION AND ORDER

This matter is before the Court on a Motion to Withdraw Plea [DN 55] by Defendant, Donald Ray Daniel. Fully briefed, this matter stands ripe for decision. For the following reasons, Defendant's motion is **GRANTED.**

I. STANDARD OF REVIEW

Under Federal Rule of Criminal Procedure 32(d), a court "may permit withdrawal of a plea upon [a] showing by the defendant of any fair and just reason." See United States v. Alexander, 948 F.2d 1002, 1003 (6th Cir. 1991) (per curiam), cert. denied, 502 U.S. 1117 (1992). Permission to withdraw a guilty plea prior to sentencing is not an absolute right but is a matter within the broad discretion of the district court. See United States v. Goldberg, 862 F.2d 101, 103 (6th Cir. 1988); United States v. Spencer, 836 F.2d 236, 238 (6th Cir. 1987).

II. BACKGROUND

On May 4, 2004, Donald Ray Daniel ("Defendant") and his brother, Ronald Wayne

Daniel, were indicted for various crimes relating to their possession and attempt to distribute methamphetamine. A Superseding Indictment charging Donald Ray Daniel was filed on October 20, 2004. On April 25, 2005, Donald Ray Daniel pleaded guilty to counts 1 and 3 of the Superseding Indictment. The Defendant's plea contained a modification of the quantities charged in the counts, reducing the statutory maximum sentence from life imprisonment to 40 years imprisonment, and the statutory minimum sentence from 10 years to 5 years. Following the entry and acceptance of the Defendant's plea, his case was continued to August 23, 2005 for sentencing. On or about July 13, 2005, the Defendant informed the Court that he was obtaining new counsel and contemplating filing a motion to withdraw his plea. On August 22, 2005, Dennis M. Ritchie entered his appearance as new counsel for the Defendant and filed a motion to continue the sentencing hearing. On September 8, 2005, the Defendant filed this motion to withdraw his plea of guilty.

### III. DISCUSSION

As the basis for his motion, the Defendant cites his belief that it was not in his best interest to proceed with his former counsel, who represented both he and his brother (the co-defendant named in the indictments). The Defendant also contends that the potential for a serious conflict of interest existed between the co-defendant and himself. Both parties noted that courts in this circuit have adopted a seven factor test to aid in the consideration of motions to withdraw a plea. The Government argues that the seven-factor test supports denying the Defendant's motion, while the Defendant argues that the seven factors, on the whole, support granting his motion.

The district court has broad discretion to permit withdrawal of a guilty plea prior to sentencing. United States v. Stephens, 906 F.2d 251, 252 (6th Cir. 1990). Withdrawal of a guilty plea pre-sentence is liberally granted. United States v. Peck, No. 94-5684, 1995 U.S. App. LEXIS 12453, at *6 (6th Cir. May 22, 1995). A district court is afforded broad discretion in determining whether to grant such a motion. United States v. Triplett, 828 F.2d 1195, 1197 (6th Cir. 1987). The defendant, though, bears the burden of proving the existence of a "fair and just reason" supporting the withdrawal of his or her guilty plea. United States v. Bazzi, 94 F.3d 1025, 1027 (6th Cir. 1996). In deciding whether a defendant has demonstrated the existence of a "fair and just reason," the district court should consider the following factors: (1) the amount of time that elapsed between the plea and the motion to withdraw it; (2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings; (3) whether the defendant has asserted or maintained his innocence; (4) the circumstances underlying the entry of the guilty plea; (5) the defendant's nature and background; (6) the degree to which the defendant has had prior experience with the criminal justice system; and (7) potential prejudice to the government if the motion to withdraw is granted. United States v. Bashara, 27 F.3d 1174, 1181 (6th Cir. 1994). When courts apply the factors enumerated above they should consider the totality of the circumstances. United States v. Carr, 740 F.2d 339, 344 (5th Cir. 1984), cert. denied, 471 U.S. 1004 (1985). The factors listed are general, non-exclusive, and no one factor is controlling. Bazzi, 94 F.3d at 1027.

As to the first factor, the Government notes that courts generally deny motions to

withdraw a plea if a substantial period of time has elapsed after the entry of the guilty plea. Alexander, 948 F.2d at 1004. On or about July 13, 2005, one week before the Defendant's original sentencing date, the Court was alerted to the fact that he was obtaining new counsel and was contemplating filing a motion to withdraw his plea. The Court rescheduled the sentencing to allow the Defendant time to accomplish this effort. Thus, only 78 days elapsed after the entry of the guilty plea. The Court is aware that 76 days was held to be too long of a time between a plea and a motion to withdraw a plea in United States v. Baez, 87 F.3d 805, 808 (6th Cir. 1996), however, given the problems associated with dual representation, the Court does not believe this factor weighs in favor of either party.

The second factor is the presence of a valid reason for not moving to withdraw at an earlier stage in the proceedings. It has been stated that purpose of the rule allowing for a withdrawal of a plea "is to allow a hastily entered plea made with unsure heart and confused mind to be undone, not to allow a defendant 'to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes that he made a bad choice in pleading guilty.'" Alexander, 948 F.2d at 1004 (quoting Carr, 740 F.2d at 345). Here, the Defendant has submitted a valid reason. The Defendant states in his reply brief that "the reason the Defendant waited approximately four months before submitting his motion was to try and obtain his 5(k)(1) meeting and subsequent motion as was promised to him. Further, he was attempting to retain new counsel to remedy the conflict which was the root of the problem and a basis for the motion to withdraw." The Court does not view the Defendant's motion as a tactical calculation. Defendant's brother was the co-defendant in

this action, and given the dual representation, it is understandable that Defendant would have an "unsure heart and confused mind" during the proceedings. The Court finds that this factor weighs in favor of the Defendant.

The third factor is whether the Defendant has asserted or maintained his innocence. "A defendant's statements at a plea hearing 'should be regarded as conclusive [as to truth and accuracy] in the absence of a believable, valid reason justifying a departure from the apparent truth' of those statements.'" United States v. Estrada, 849 F.2d 1304, 1306 (10 th Cir. 1988) (quoting Hedman v. United States, 527 F.2d 20, 22 (10th Cir. 1995)). There is no dispute that Daniel, when confronted with the factual basis for his plea, admitted his conduct to the Court. The Defendant, however, now states that "he believed he was entering this plea to be able to have a 5(k)(1) meeting. In that regard, in his mind he felt he was doing the equivalent of entering an Alford plea." A defendant entering an Alford plea "voluntarily, knowingly, and understandingly consent[s] to the imposition of a prison sentence even [though] he is unwilling or unable to admit his participation in the acts constituting the crime." Burrell v. U.S., 384 F.3d 22, 24 (2d Cir. 2004) (citing North Carolina v. Alford, 400 U.S. 25, 37 (1970)). Thus, while Defendant clearly did not enter an Alford plea, he claims that he entered his guilty plea under the belief that he would have a 5(k)(1) meeting. In this regard, he contends his guilty plea before the Court was the functional equivalent of an Alford plea. The Court concludes that this factor weighs in favor of Defendant.

The fourth factor involves the circumstances underlying the entry of the guilty plea. Before the Defendant formally entered his plea, the Court proceeded with its standard

colloquy in which it ascertained that the plea was voluntary. Despite the Defendant's waiver of all conflicts as to dual representation, it was a contributing factor in the Defendant's confusion as to the nature and consequences of his plea. The Sixth Circuit has also recognized the potential problems created by dual representation in connection with plea negotiations. See United States v. Hall, 200 F.3d 962, 966 (6th Cir. 2000). The other factor was that his brother was his co-defendant, and he felt compelled to go along to help him out. This factor weighs in favor of the Defendant.

The fifth factor for the Court to consider is the Defendant's nature and background. The Defendant had completed twelve years of education, was literate, and had read the plea agreement. He was not under the influence of alcohol and drugs. However, he was classified as a below average student by the U.S. Probation Officer and according to his attorney lacked the ability "to adequately process the information given to him before and ruing the plea." This factor does not weigh strongly for either party.

The sixth factor is the degree to which the Defendant has had prior experience with the criminal justice system. "[A] defendant with extensive experience with the criminal justice system will be less likely to be permitted to withdraw a guilty plea, than one without such experience." United States v. Durham, 178 F.3d 796, 799 (6th Cir. 1999). Here, the Defendant had previously pleaded guilty to a felony. According to the records before the Court, the Defendant was arrested for grand larceny on December 13, 1974. On April 18, 1975, the Defendant's adjudication before the Sarasota Circuit Court in Florida was withheld and Defendant was sentenced to two years probation. There was no record as to whether the

Defendant was represented by counsel or waived his right to counsel. The Government cites United States v. Kirkland, 578 F.2d 170, 171-72 (6th Cir. 1978) in which the defendant in that case had previously committed seven felonies and had been returned on four of them as a parole violator. Such authority is hardly applicable here in the case of a Defendant who committed one felony, over thirty years ago, at the age of nineteen. Such prior experience with the criminal justice system is negligible. This factor weighs in favor of the Defendant.

The seventh factor asks the Court to consider potential prejudice to the Government. Prejudice to the government need not be established or considered unless and until the defendant has established a fair and just reason for vacating his plea. Alexander, 948 F.2d at 1004. In our view based on the factors set forth above, the Defendant has set forth a fair and just reason for vacating his plea. The Defendant has made a strong case as to four of the six factors, while the remaining two factors weigh in favor of neither party. The Court finds that the Defendant has set forth a fair and just reason for vacating his plea and finds it necessary to consider any potential prejudice to the Government.

As to the seventh factor, the Government offers only mere conjecture that "[t]he passage of time always takes its toll on the memory of a witness." The Government offers nothing specific, simply mere speculation that the memories of its witnesses will be affected by the mere passage of time. It would be inappropriate to conclude that this factor supports the Government's case when it offers nothing concrete upon which the Court could base such a conclusion. The court in United States v. Valdez, 362 F.3d 903, 913 (6th Cir. 2004) reached a similar conclusion that when the Government fails to present specifics, its case as

to this factor is unpersuasive:

> [T]here appeared to be no factual basis for the court to find that a few months' delay created by Valdez's guilty plea and subsequent withdrawal would have prejudiced the government. The government always has to spend time and money trying a case, so this "prejudice" is irrelevant on these facts. There also was no finding in the record that key witnesses were no longer available or that the few months' delay had hindered their ability to remember key events.

This factor weighs in favor of the Defendant.

Again, after carefully weighing the factors, the Court finds that the Defendant has established a fair and just reason for vacating his plea.

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion [DN 55] is **GRANTED.**


cc: counsel of record
04cr-017Daniel